amount of $1,818.31. Taxpayer was notified of the Commissioner's determination by registered letter mailed November 1, 1924. The petition herein was filed December 20, 1924.

### DECISION.

The determination of the Commissioner is disapproved. The amount of the deficiency to be assessed for the year 1919 will be computed in accordance with the following opinion and will be settled on consent or on ten days' notice under Rule 50.

### OPINION.

LITTLETON: The taxpayer claims in this appeal that the land and building acquired by it from Charles R. Macaulay on August 1, 1912, had a fair market value of $150,000 on that date; that the land had a fair market value of $10,000 and the building a fair market value of $140,000, on March 1, 1913, and that it is entitled to include the land and building in invested capital at $150,000, and in computing its net income for the year 1919, to deduct for depreciation of the building an amount equal to 3 per cent on the valuation of $140,000.

We are of the opinion that the contention of taxpayer as to the value of the land and building is well founded and should be sustained. The land was purchased by Charles R. Macaulay not later than 1905, at a cost of more than $10,000; the building was erected in 1905 and 1906, at a cost of more than $150,000 and was kept in good repair by Macaulay until August 1, 1912, when it was sold by him to the corporation for stock of the par value of $150,000. The evidence convinces us that the land and the building in question had fair market values of $10,000 and $140,000, respectively, on August 1, 1912, and March 1, 1913. Taxpayer should, therefore, be permitted to include in invested capital, on account of this land and this building, the amount of $150,000, and to deduct in the year 1919 for depreciation of the building an amount based upon a valuation of $140,000 for the building. The evidence, however, does not, in our opinion, substantiate taxpayer's contention that a deduction for wear and tear, and exhaustion, should be allowed on the building at the rate of 3 per cent per annum. In view of the character of the building and the materials of which it is constructed, the conclusion is warranted that an allowance for depreciation at the rate of 2 per cent per annum is reasonable.

---

### Appeal of BOCKIUS REALTY CO.        Docket No. 835.

Submitted February 26, 1925; decided April 6, 1925.

*Mrs. Cecelia H. Frailey*, secretary of the corporation, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal involves income and profits taxes for the calendar years 1919, 1920, and 1921. The deficiency letter, which was mailed

on September 27, 1924, shows an overassessment of $182.87 for 1919, and an additional tax of $9,525.05 for 1920 and $226.15 for 1921.

The question presented is whether taxpayer is entitled to a deduction in each of the years as compensation for its officers of an amount in excess of that allowed by the Commissioner.

### FINDINGS OF FACT.

The taxpayer is an Ohio corporation with its principal office and place of business at Canton, Ohio. It was organized in 1913 and since that time has been, and still is, engaged in the operation of a motion picture theatre. It is a close corporation having only five stockholders, 66⅔ per cent of the stock being owned by E. G. Bockius, president and treasurer, and Mrs. C. H. Frailey, secretary.

No meetings of the directors have been held since 1913, and the affairs of the corporation have been conducted entirely by E. G. Bockius, president and treasurer, through consent of the other stockholders. No definite salaries for officers were allowed for any year, but all of the stockholders withdrew amounts from time to time during these years from the earnings of the corporation. The taxpayer deducted in its return for 1919, $3,000, and for 1920, $4,500, as salaries paid to the president and treasurer, and the secretary. No deduction was taken for salaries in the return for 1921.

The net income of the corporation before deducting any amounts as compensation for officers was $7,732.73 for 1919, $36,630.56 for 1920, and $8,261.81 for 1921.

The books of the corporation were incomplete and poorly kept but showed withdrawals in these years by the president and treasurer, and the secretary, as follows:

|  | E. G. Bockius | Mrs. C. H. Frailey |
|---|---|---|
| 1919 | $1,913.56 | $2,885.43 |
| 1920 | 13,790.03 | 11,706.52 |
| 1921 | 2,333.36 | 5,043.90 |

The Commissioner upon the evidence before him allowed the corporation to deduct as compensation for officers the following amounts:

|  | E. G. Bockius | Mrs. C. H. Frailey |
|---|---|---|
| 1919 | $1,913.56 | $2,000.00 |
| 1920 | 2,000.00 | 2,500.00 |
| 1921 | 2,000.00 | 2,000.00 |

The excess of the withdrawals by the two officers over the amounts allowed as compensation, as well as all withdrawals by other stockholders were treated as dividends. There was no authorization by the corporation, or understanding between the stockholders in the years involved, or any year prior thereto, that any amount should be paid as compensation.

### DECISION.

The determination of the Commissioner is approved.